# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

OSCAR ZAMORA,
and
ANAYELI ENGRACIA EMIGDIO,

          Plaintiffs,          Case No:  2:26-cv-793

    vs.

AUTOPLEX MKE, LLC, and
CREDIT ACCEPTANCE CORPORATION,

          Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Credit Acceptance Corporation ("Credit Acceptance") hereby removes this action from the Circuit Court of Milwaukee County, where it is pending as Case No. 2026CV002344, to the United States District Court for the Eastern District of Wisconsin.

### I.    Procedural History.

1.    On March 16, 2026, Plaintiffs filed a civil action against Credit Acceptance and Autoplex MKE, LLC ("Autoplex") in the Circuit Court of Milwaukee County, Wisconsin, captioned *Oscar Zamora and Anayeli Engracia Emigdio v. Autoplex MKE, LLC and Credit Acceptance Corporation*, Case No. 2026CV002344.  A copy of the Summons and Complaint, and all other process, pleadings, and orders served to date on Credit Acceptance in the state-court action, is attached as **Exhibit A**.

2.    Credit Acceptance received service of the Complaint on April 2, 2026.

3. Because 30 days have not expired since April 2, 2026, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).[1]

4. Credit Acceptance confirms that it has conferred with counsel for Autoplex, and that Autoplex consents to the removal of this action to federal court. *See* 28 U.S.C. § 1446(b)(2).

## II. Basis for Removal – Federal Question

5. Under 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over actions arising under the Constitution, laws, or treaties of the United States.

6. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action in which Plaintiffs allege a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*

7. Specifically, the Complaint asserts a claim under the TILA based on alleged incomplete or inaccurate disclosures on the documentation of Plaintiffs' purchase of a vehicle from Autoplex.

8. The Complaint alleges that Plaintiffs suffered a concrete injury from the alleged TILA violation, including reliance on incomplete or inaccurate disclosures when purchasing the vehicle and resulting pecuniary losses. (Ex. A (Complaint), ¶¶ 35-38, 41-42, 54-56, 59, 65, 67; Ninth Cause of Action ¶¶ 29-33.)

9. The Complaint also alleges state law claims for violations of Wis. Stat. § 100.18, Wis. Stat. § 423.301, Wis. Stat. § 422.108, Wis. Stat. § 422.503, Wis. Stat. § 218.0142, Wis. Stat. § 218.0116, Wis. Stat. § 218.0116(f), Wis. Stat. § 425.107, common law misrepresentation, and punitive damages. (Complaint, at 9-18.) These claims are subject to this Court's

---

[1] The 30-day deadline fell on Saturday, May 2, 2026, and therefore continues to run to Monday, May 4, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C).

2

supplemental jurisdiction.  This Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

10.     State law claims form the same case or controversy when they derive from a common nucleus of operative fact.  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997).  Moreover, the requirement under § 1367(a) for a court to exercise supplemental jurisdiction over state law claims is satisfied where a plaintiff would ordinarily expect to try them all in one judicial proceeding.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

11.     Plaintiffs initiated a single proceeding to try all claims against Defendants.  This Court has supplemental jurisdiction over the state law claims because they concern the same core factual issues as the TILA claim.  (*See* Complaint; *see also* 28 U.S.C. § 1367.)  Specifically, the state law claims arise out of the same vehicle purchase as the TILA claim, and thus all claims derive from a common nucleus of operative fact.

12.     As such, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

13.     Credit Acceptance does not concede that Plaintiffs have pleaded claims upon which relief can be granted and does not concede that Plaintiffs are entitled to any relief, but Plaintiffs' allegations are sufficient for federal jurisdiction.

14.     Venue is proper in this Court pursuant to 28 U.S. C. § 1441(a), because this is the federal district embracing the place where the state court action is pending.

15.     Pursuant to 28 U.S.C. § 1446(d), Credit Acceptance will provide written notice of this removal to Plaintiffs' counsel and will file a copy of this Notice of Removal with the clerk of the Circuit Court of Milwaukee County, Wisconsin.

3

16. Credit Acceptance reserves the right to amend or supplement this Notice of Removal.

17. By filing this notice of removal, Credit Acceptance expressly reserves, and does not waive, any and all defenses available to it in federal or state court, and the right to compel arbitration.

WHEREFORE, Defendant Credit Acceptance Corporation respectfully requests that the above-captioned action be removed from the Milwaukee County Circuit Court to the United States District Court for the Eastern District of Wisconsin, and that further proceedings in this action be conducted in this Court as provided by law.

Dated this 4th day of May, 2026.

HUSCH BLACKWELL LLP
Attorneys for Credit Acceptance Corporation

By: s/ Natalia S. Kruse
Natalia S. Kruse, 1105902

P.O. ADDRESS:
33 East Main Street, Suite 300
Madison, Wisconsin 53703-3095
608.255.4440
608.258.7138 (fax)
Natalia.Kruse@huschblackwell.com

4